IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

PATRIOT-BSP CITY CENTER II, LLC, et al.,  :
                                          :
    Plaintiffs,                           :
                                          :
v.                                        : C.A No. 1:10-cv-00890 (RMU)
                                          :
U.S. BANK NATIONAL ASSOCIATION, et al.,   :
                                          :
    Defendants.

## STUART H. GARY'S ANSWER TO THE AMENDED COMPLAINT FILED BY PATRIOT-BSP CITY CENTER II, LLC, ET AL.

    Stuart H. Gary. Trustee, by counsel, responds to the allegations contained in the Amended Complaint as filed as follows:

    1.    Mr. Gary lacks sufficient information to admit or deny the allegations of Paragraph 1 through 9.

    2.    Mr. Gary admits the allegations of Paragraph 10 through 13.

    3.    Mr. Gary admits this court has jurisdiction in response to Paragraph 14.

    4.    Mr. Gary admits the allegations of Paragraph 15.

    5.    Mr. Gary states in response to Paragraphs 16 through 19 that the document speaks for itself.

    6.    Mr. Gary admits the allegations of Paragraph 20.

    7.    In response to Paragraph 21, Mr. Gary admits the date on the deed and admits he did not inform plaintiffs of his status as substitute trustee, but denies he had

any duty to do so. Mr. Gary lacks sufficient knowledge to admit or deny all other allegations of Paragraph 21.

8. In response to Paragraph 22, Mr. Gary states that the document speaks for itself.

9. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraphs 23 through 32.

10. Mr. Gary admits that FDIC sold WAMR to JPMorgan. Mr. Gary lacks sufficient knowledge to admit or deny all other allegations of Paragraph 33.

11. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraphs 34 through 52.

12. Mr. Gary admits the allegations of Paragraph 53.

13. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraphs 54 through 57.

14. Mr. Gary incorporates his prior responses to Paragraphs 1 through 54 in response to Paragraph 58.

15. Mr. Gary admits the allegations of Paragraph 59..

16. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraphs 60 through 63.

17. Mr. Gary incorporates his responses to Paragraphs 1 thought 60 in response to Paragraph 64.

18. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraphs 65 through 66.

19. Mr. Gary incorporates his responses to Paragraphs 1 through 63 in response to Paragraph 67.

20. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraph 68.

21. Mr. Gary admits the allegations of Paragraph 69 as to the Property serving as collateral for any debt owed by Patriot to U.S. Bank but lacks sufficient knowledge to admit or deny the other allegations in this paragraph.

22. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraphs 70 through 72.

23. Mr. Gary incorporates his responses to Paragraphs 1 though 69 in response to paragraph 73.

24. Paragraphs 74 and 75 are statements of law and require no response.

25. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraphs 76 through 79.

26. Mr. Gary incorporates his responses to Paragraphs 1 though 76 in response to Paragraph 80.

27. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraphs 81 and 82.

28. In response to Paragraph 83, Mr. Gary states that the document speaks for itself.

29. Mr. Gary lacks sufficient knowledge to admit or deny the allegations of Paragraph 84.

30. Mr. Gary incorporates his responses to Paragraphs 1 through 81 in response to Paragraph 85.

31. Mr. Gary lacks sufficient information to admit or deny the allegations of Paragraphs 86 through 92.

32. All allegations not specifically admitted in Paragraphs 1 through 92 are hereby denied and strict proof is demanded of those allegations.

WHEREFORE, Mr. Gary prays the Court will protect his interest as Trustee, award him his attorneys' fees and cost, and grant him such further relief as the Court deems just.

Dated: June 3, 2010

RESPECTFULLY SUBMITTED,

GARY & REGENHARDT, PLLC

/S/ Linda D. Regenhardt
Linda D. Regenhardt (DC Bar # 414636)
Rachel J. Goldstein (472507)
8500 Leesburg Pike, Suite 7000
Vienna, VA 22182-2409
Tel: (703) 848-2828
Fax: (703) 893-9276

## CERTIFICATE OF SERVICE

I certify that on June 3, 2010 I caused a true and correct copy of the foregoing Answer to the Complaint to be served on the following via US Mail:

Benny L. Kass
Kass, Mitek & Kass, PLLC
1050 17 Street, N.W.
Suite 1100
Washington, DC 20036

JPMorgan Chase Bank National Association
c/o The Corporation Trust Company
1209 Orange Street
Willington, DE 18801

Lawyers Title Realty Services, Inc
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 18801

Christopher M. Loveland
Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW 11th Floor East
Washington DC 2005

M. Roy Goldberg
Sheppard Mullin Richter & Hampton LLP
1300 I Street NW 11th Floor East
Washington, DC 20005

Daniel L. Brown
30 Rockefeller Plaza, 24th Floor
New York, New York 10112

/S/ Linda D. Regenhardt
Linda D. Regenhardt, Esq