**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| PATRIOT-BSP CITY CENTER II, LLC, *et al.*, | : | C.A. No. 1:10-cv-00890-RMU |
| Plaintiff, | : | |
| v. | : | |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | : | |
| Defendants. | : | |

## PRAECIPE TO FILE ERRATA

THE CLERK OF COURT will please file the attached Declaration of Richard S. Julie, Esq. in the nature of an errata with respect to plaintiffs' Reply Memorandum in support of their Motion for a temporary restraining order, Docket No. 7.

                            Respectfully submitted,

                            **KASS, MITEK & KASS, PLLC**

BY:   /s/ Benny L. Kass
           Benny L. Kass (D.C. Bar No. 025155)
           1050 Seventeenth Street, N.W.
           Suite 1100
           Washington, D.C. 20036-5596
           (202) 659-6500

*Attorney for Plaintiffs Patriot-BSP City Center II, LLC, Patriot-BSP City Center III, LLC, Patriot-BSP City Center IV, LLC, Patriot Equities, LP, Erik E. Kolar, Alan S. Werther, Michael C. Kolar, Timothy E. McKenna and Geoffrey C. Gardner*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Praecipe was served via the court's electronic filing system this 3rd day of June, 2010 upon all parties of record:

/s/ Benny L. Kass
Benny L. Kass

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| PATRIOT-BSP CITY CENTER II, LLC, *et al.*, : <br><br> Plaintiff, : <br><br> v. : <br><br> U.S. BANK NATIONAL ASSOCIATION, *et al.*, : <br><br> Defendants. : | C.A. No. 1:10-cv-00890-RMU |

### SUPPLEMENTAL DECLARATION OF RICHARD S. JULIE, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

I, Richard S. Julie, of full age, hereby state the following:

1. I am employed by the law firm of Braverman Kaskey, P.C., which represents plaintiffs in the above-captioned matter. I am an attorney duly licensed to practice law in the Commonwealth of Pennsylvania and the states of Delaware and New York.

2. I have been admitted *pro hac vice* in this Court in a related action, and applied for admission *pro hac vice* in the Superior Court of the District of Columbia in connection with this action prior to defendants' removal of the action to this Court. Plaintiffs' D.C. counsel have filed a motion for my admission *pro hac vice* in this action, which motion is pending.

3. I make this supplemental Declaration in the nature of an errata with respect to plaintiffs' Reply Memorandum in support of their Motion for a temporary restraining order (the "Reply Memorandum").

4. The facts contained in this Declaration are based upon my personal knowledge and, if called to do so, I could testify competently regarding the subject matter of this Declaration.

5. Plaintiffs' Reply Memorandum contains certain representations concerning a telephone conversation I had with defendant Stuart Gary on June 1, 2010. These representations are based on my Declaration of June 2, 2010, which is attached to the Reply Memorandum as Exhibit D.

6. As relevant hereto, the Reply Memorandum and my June 2 Declaration both assert (a) that Mr. Gary stated that he had no objection to the entry of a temporary restraining order and (b) that Mr. Gary stated his intention to file a short brief or letter with the Court to that effect (the "Disputed Assertions"). *See* Reply Memorandum at 4; Julie Decl., ¶¶12-13.

7. I understand that Mr. Gary has now filed a Response to the Reply Memorandum in which he denies the veracity of the Disputed Assertions (but does not state any opposition to plaintiffs' Motion for entry of a temporary restraining order).

8. To the best of my recollection, the Disputed Assertions accurately summarize the statements made by Mr. Gary during our telephone conversation on June 1. Specifically, I understood Mr. Gary to say that he had "no dog in this fight" (*verbatim*), that he therefore would not oppose plaintiffs' Motion for a TRO, and that he would file a short brief or letter with the Court to that effect.

9. After receiving a copy of the Reply Memorandum, Mr. Gary contacted me by electronic mail, in which he denied the veracity of the Disputed Assertions.

10. While I reaffirm that our June 1 telephone conversation was accurately memorialized, to the best of my recollection, in the Reply Memorandum and my accompanying Declaration, I informed Mr. Gary, in the interest of collegiality with a fellow officer of the Court, that I would file this errata to notify the Court that Mr. Gary disputes the veracity of my recollection of our conversation.

11. I hereby notify the Court that Mr. Gary denies making the statements set forth in paragraphs 12 and 13 of my prior declaration, which are reproduced or paraphrased at page 4 of plaintiffs' Reply Memorandum.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on June 3, 2010.

*Richard S. Julie*