IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| PATRIOT-BSP CITY CENTER II, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, *et al.*, <br><br> Defendants. | C.A. No. 1:10-cv-00890 (RMU) |

**CONSENT MOTION FOR LEAVE TO FILE MOTION TO LIFT
TEMPORARY RESTRAINING ORDER UNDER SEAL, AND
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants U.S. Bank National Association and JPMorgan Chase Bank National Association (collectively, "Defendants"), by and through undersigned counsel, respectfully request leave to file their "Motion To Lift Temporary Restraining Order, and Supporting Memorandum Of Points And Authorities" (the "Motion") under seal, as it includes information relating to (1) the appraisal previously filed with the Court under seal; and (2) the recent purchase offer referred to by Plaintiffs in their "Reply Memorandum in Further Support of Plaintiffs' Motion for Temporary Restraining Order" (the "Reply"), which Plaintiffs agreed to provide to counsel for Defendants only on the condition that it be filed under seal and its terms not be disclosed. As grounds for this Motion, Defendants state as follows:

1.      On Monday, June 7, 2010, the Court issued an Order granting Plaintiffs' Motion for a Temporary Restraining Order. The Court further required that Plaintiffs post a bond pursuant to Federal Rule of Civil Procedure 65(c). However, to date, Plaintiffs have not posted a bond. Nor have they substantively responded to several requests by counsel for Defendants as to

when (and if) the bond will ever be posted. Accordingly, as set forth in their Motion, Defendants respectfully request that the Court lift the temporary restraining order.

2. Defendants previously filed a copy of a recent appraisal of the Warehouse Property with the Court under seal, as it contained as it contained information that could interfere with the integrity of the foreclosure sale. Defendants' Motion specifically includes information from this confidential appraisal, as the amount of the bond Ordered by the Court is the "the difference between the amount owed by the plaintiffs and the current value of the Warehouse Property, as represented in the defendants' appraisal." *See* Mem. Op. at 11.

3. A separate and independent ground also exists for lifting the temporary restraining order based on Plaintiffs' representation to the Court that they "have been negotiating with a proposed purchaser of the Property (the 'Purchaser') who, on June 1, 2010, tendered to plaintiffs a *binding*, written offer to purchase the Property for an amount that is far in excess of both the principal balance of the Loan and the amount (approximately $39 million) which defendants contend is owed under the Loan Documents." *See* Reply at pp. 7-8 (emphasis added).

4. Plaintiffs further contended in their Reply that "the threatened loss of this opportunity to sell the Property to the Purchaser for a profit constitutes irreparable harm which is more than adequate to justify the entry of a temporary restraining order." *See* Reply at p. 8 (emphasis omitted). Notably, Plaintiffs did not attach a copy of the "written offer to purchase the Property" to their Reply. Instead, they relied solely on the declaration of their attorney, Richard Julie. *See* Julie Decl. at ¶ 14 (Exhibit D to Reply).

5. On Friday, June 4, 2010, counsel for Defendants requested a copy of the purchase offer. Plaintiffs agreed to produce the purchase offer but only subject to certain conditions,

including that it (1) not be shown to U.S. Bank, JPMorgan, or any third party; and (2) must be filed with the court under seal.

6. Counsel for Defendants agreed to Plaintiffs' terms, and, on Saturday, June 5, 2010, Plaintiffs provided counsel for Defendants with a copy of the purchase offer.

7. Defendants cite extensively to the purchase offer in their Motion. A copy of the purchase offer also is attached as an exhibit to the Motion. As set forth in greater detail in the Motion, the purchase offer is not a binding contract. Indeed, given the numerous contingencies, even if the purchase offer is ever signed by Plaintiffs (which, by its very terms, may never happen) it is in no way "binding." Plaintiffs could execute the purchase offer today, and the purchaser could terminate it tomorrow *for any or no reason.*

8. As Plaintiffs produced the purchase offer to counsel for Defendants on the express condition that it be filed with the Court under seal, Defendants respectfully request that their Motion be filed under seal as it cites to specific terms from the purchase offer and includes a copy of the purchase offer as an exhibit.

WHEREFORE, Defendants respectfully request that the Court grant their Consent Motion for leave to file the "Motion To Lift Temporary Restraining Order" under seal.

## RULE 7(m) CERTIFICATION

In compliance with Local Rule 7(m), on June 11, 2010, counsel for U.S. Bank and JPMorgan, conferred with David L. Braverman, counsel for Plaintiffs, to determine whether Plaintiffs would consent to filing the Motion under seal. Counsel for Plaintiffs consented to the filing of the Motion under seal, but not the relief sought in the underlying Motion To Lift The Temporary Restraining Order.

Respectfully submitted:

_____/s/_____
M. Roy Goldberg
(D.C. Bar No. 416953)
Christopher M. Loveland
(D.C. Bar No. 473969)
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005-3314
Tel. (202) 218-0007
Fax (202) 312-9425
cloveland@sheppardmullin.com
rgoldberg@sheppardmullin.com

Attorneys for Defendant U.S. Bank
National Association

Dated: June 11, 2010

Of Counsel:

Daniel L. Brown
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
dbrown@sheppardmullin.com

## CERTIFICATE OF SERVICE

I certify that on June 11, 2010 I caused a true and correct copy of the foregoing Motion and proposed Order to be served on the following via electronic service:

>Benny L. Kass
>Kass, Mitek & Kass, PLLC
>1050 17 Street, N.W.
>Suite 1100
>Washington, DC  20036
>
>*Counsel for Plaintiffs*

And via Federal Express on:

>Stuart H. Gary
>Gary & Regenhardt, PLLC
>8500 Leesburg Pike, Suite 700
>Vienna, VA  22182

/s/<br>
M. Roy Goldberg

# ATTACHMENT
# (TO BE FILED UNDER SEAL)